**JACKSONWHITE**
ATTORNEYS AT LAW
*A Professional Corporation*

40 North Center, Suite 200
Mesa, Arizona 85201
T: (480) 464-1111 F: (480) 464-5692
Attorneys for Plaintiff
Email: centraldocket@jacksonwhitelaw.com
By:    Michael R. Pruitt, No. 011792
       mpruitt@jacksonwhitelaw.com
       Nathaniel Hill, No. 028151
       nhill@jacksonwhitelaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Daniel Dickson, filing individually and on behalf of all others similarly situated;<br><br>    Plaintiff,<br><br>vs.<br><br>GoDaddy.com, L.L.C., a foreign limited liability company;<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff, Daniel Dickson, filing individually and on behalf of all other similarly situated current and former employees of GoDaddy.Com, L.L.C. ("GoDaddy"), by and through his counsel undersigned, for his Complaint alleges as follows:

**JURISDICTIONAL ALLEGATIONS**

1. This action arises from the illegal employment actions of Defendant GoDaddy under the statutes of the United States involving violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2. As this matter arises under federal statute, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. As provided for by the FLSA, 29 U.S.C. § 216(b), this action is brought by Daniel Dickson, a single man filing individually and as a collective action brought on behalf of all current and former similarly situated employees of Defendant GoDaddy.

4. GoDaddy is a covered employer and enterprise subject to the provisions of the FLSA since it is involved in interstate commerce and generates annual revenue in excess of $500,000.

5. During the relevant time period, the Plaintiff and those similarly situated were employees of GoDaddy covered by the provisions and protections contained in the FLSA.

6. During the relevant time period, the job duties of the Plaintiff and those similarly situated were such that they were engaged in interstate commerce as defined by the FLSA.

7. Venue is appropriate to this court because most or all of the acts alleged herein occurred within the geographic region covered by this District in the State of Arizona, and GoDaddy conducts significant business operations within this District.

## **PARTIES**

8. GoDaddy is a foreign limited liability company registered with the Arizona Corporation Commission.

9. GoDaddy has multiple facilities in the Phoenix, Arizona metropolitan area.

10. GoDaddy conducts business and has clients throughout the entire United States.

11. At all times relevant hereto, the Plaintiff Daniel Disckson was a resident of Maricopa County in the State of Arizona.

12. At all times relevant hereto, the Plaintiff worked in the department of GoDaddy designated as Professional Web Services.

13. While employed by GoDaddy, the Plaintiff was known by and worked under the name of Danny Dickson.

14. The Plaintiff and all others similarly situated worked at the same GoDaddy facility.

15. The Plaintiff and all others similarly situated were supervised and managed under one common system and set of policies.

16. The Plaintiff and all others similarly situated performed their duties pursuant to a common set of department policies and procedures.

17. The Plaintiff and all others similarly situated were compensated according to one standardized system.

18. From approximately July 21, 2014 through September 2015, the Plaintiff was employed by GoDaddy in the position of Web Builder.

19. From September 2015 through July 6, 2016, the Plaintiff held the position of Designer – Web II.

20. On July 6, 2016, the Plaintiff was informed by GoDaddy that his position as a Designer – Web II was being eliminated.

21. The Plaintiff is currently on paid administrative leave.

22. The Plaintiff does not possess knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

23. Pursuant to 29 U.S.C. § 216(b), the Plaintiff is filing this collective action as an individual and on behalf of all other similarly situated current and former GoDaddy employees holding the position of Web Builder at any time during the relevant time period from July 2013 through September 2015.

24. The Plaintiff intends to seek an order from this court providing notice to all other similarly situated current and former employees holding the position of Web Builder during the relevant time period of the pendency of this action and their right to opt-in and join this lawsuit pursuant to the provisions of 29 U.S.C. § 216(b).

25. As required under the FLSA, the written consent of the Plaintiff to become a party in this action is attached hereto as Exhibit "A."

# BACKGROUND FACTS

26. Under the FLSA, 29 U.S.C. § 207, covered employees are required to receive overtime wages at a rate of at least 1½ times their normal hourly rate for hours worked in excess of forty during a workweek unless they qualify for a specific exemption contained in the FLSA.

27. Defendant GoDaddy classified the Plaintiff and all other similarly situated GoDaddy employees holding the position of Web Builder as exempt employees ineligible for overtime wages for the period of time from approximately the middle of December 2012 through September 2015.

28. As described more fully to follow, the duties of the Plaintiff and all others similarly situated were such that they did not rightly qualify for any of the exemptions to the payment of overtime wages contained in the FLSA. Therefore the Plaintiff and all others similarly situated should have received overtime wages for any hours worked in excess of forty hours during a workweek from the period of mid-December 2012 through September 2015.

29. GoDaddy's classification of the Plaintiff and all others similarly situated as exempt from the payment of overtime wages is a violation of the FLSA.

30. The Plaintiff has direct personal knowledge through interacting with other similarly situated employees, supervisors and managers that it was the department policy and practice to expect and require the Plaintiff and all others similarly situated to work in excess of 40 hours each workweek.

31. The Plaintiff and all others similarly situated frequently worked well in excess of forty hours during a workweek without receiving overtime compensation.

32. The FLSA requires employers to keep accurate records related to compensation and hours worked by all non-exempt covered employees.

33. Defendant GoDaddy willfully and knowingly failed to maintain a full record and accounting of the number of hours worked by the Plaintiff and all others similarly situated in violation of the record keeping requirements of the FLSA.

34. This collective action is brought to recover unpaid overtime wages, liquidated damages, interest, attorneys' fees and all other damages and penalties owed and available to the Plaintiff and all those similarly situated.

35. GoDaddy is a large company that provides numerous Internet related products and services including domain name registration and website hosting.

36. GoDaddy customers can obtain website hosting from GoDaddy either online or through customer service representatives.

37. If a customer does not have an existing website design, GoDaddy provided a service that allowed the customer to design and build their own website.

38. This service was known as "Website Builder."

39. Based on want and need, the customer could purchase one of several personal or business Website Builder packages. Each standardized package provided set capabilities such as number of pages and file size along with options such e-mail and e-commerce tools. Website Builder also provided numerous off the shelf design themes and templates.

40. GoDaddy described Website Builder as "easy to use" and advertised that it allowed the customer to build a "professional site simply" by selecting from "hundreds" of "customizable designs."

41. GoDaddy also stated that with Website Builder the customer can build a website "with ease" and that you can "point and click your way to a winning site" with "no experience required."

42. GoDaddy implemented Website Builder through the department known as Professional Website Services.

43. After the customer purchases a Website Builder package, he choose a customizable design template and inserted headings, titles and text into the webpage template along with the customer's own pictures and logo.

44. The customer was also given access to a set of stock pictures and illustrations that he could use to create his website.

45. If the customer needed to generate something such as a logo or illustration, he was directed to a specialized designer or graphic artist and was charged an additional fee.

46. In mid-December 2012, GoDaddy created the salaried position of Web Builder to perform functions previously handled by hourly workers eligible for overtime wages.

47. As a salaried position, Web Builders, including the Plaintiff, no longer accrued the period award of Paid Time Off given to the hourly employees of GoDaddy. In addition, for workers compensation purposes, GoDaddy described the Web Builder position as "Administrative/Clerical Worker."

48. The Web Builder was responsible for building customer websites according to detailed, clear and explicit information and design layouts received from other GoDaddy employees designated as Project Leaders. The Web Builder only became involved in the building of the website after the customer had decided on the text, headings, pictures, graphics, logos and layout of the website. The Web Builder was also responsible for verifying proper operation of the website, proper operation of the links on the webpages and loading the files and content onto a host server allowing the outside world access to the customer's website over the Internet.

49. The Plaintiff and all others similarly situated performed their duties according to standardized policies and clearly defined procedures.

50. The duties of a Web Builder did not involve managing the enterprise or a department or subdivision of the enterprise.

51. The Web Builder did not customarily and regularly direct the work of two or more other full time employees or their equivalent.

52. The Web Builder did not have authority to hire or fire other employees.

53. The Web Builder did not make suggestions and recommendations given any particular weight as to the hiring, firing, advancement, promotion or other change of status of other employees.

54. The Web Builder did not rightly qualify for the FLSA's executive exemption from the payment of overtime wages.

55. As described herein, the functions performed by the Web Builder was an indispensable part of the production and marketplace offering of the Professional Website Services department and did not involve the performance of office or non-manual work directly related to the management or general business operations of the department, GoDaddy or the customers of GoDaddy.

56. As described herein, the duties of the Web Builder did not involve the exercise of discretion and independent judgment with respect to matters of significance.

57. The Web Builder position did not rightly qualify for the FLSA's administrative exemption from the payment of overtime wages.

58. As described herein, the duties of the Web Builder did not require the consistent exercise of discretion and judgment or knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

59. The Web Builder position did not rightly qualify for the FLSA's learned professional exemption from the payment of overtime wages.

60. The duties of the Web Builder were not those of a computer systems analyst, computer programmer, software engineer, or other similarly skilled technical worker.

61. The Web Builder did not rightly qualify for the FLSA's computer professional exemption from the payment of overtime wages.

62. The duties of the Web Builder involved building customer websites according to designs and layouts created by the customer using one of a multitude of templates. The Web Builder did not play any role in creating the design, logos, graphics, artwork or layout of the customer's website. The Web Builder did not create text or generate headings for the customer's website. The duties of the Web Builder did not involve the performance of work requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

63. The Web Builder did not rightly qualify for the FLSA's Creative Professional exemption.

64. GoDaddy exercised centralized control over the wages, hours and working conditions of the Plaintiff and all others similarly situated.

65. This collective action arises from an ongoing illegal and improper scheme by GoDaddy to systematically and willfully violate the provisions of the FLSA by knowingly and deliberately failing to pay the Plaintiff and all others similarly situated the overtime wages legally due them.

66. The Plaintiff, on behalf of himself and all other similarly situated GoDaddy employees, allege that GoDaddy knowingly and willfully violated the provisions of the FLSA by falsely and improperly claiming that the Plaintiff and all others similarly situated were exempt from the overtime wage provisions of the FLSA for the period of time from mid-December 2012 through September 2015. Because of the willful nature of the violation, as provided for by the FLSA, Plaintiff and those similarly situated are entitled to use a three year statute of limitations period for the recovery of overtime wages allowing recovery for any overtime work performed as a Web Builder at any time during the period starting three years prior to the date each individual joined this action through September 2015.

67. GoDaddy knew or should have known that its policies regarding the payment of overtime wages as described herein violated the FLSA.

68. The actions of Defendant GoDaddy in violating the provisions of the FLSA were not taken in good faith and GoDaddy did not have a reasonable basis for believing that its overtime provisions related to the position of Web Builder did not violate the FLSA.

69. All decision(s) regarding whether or not to pay overtime wages to the Plaintiff and all other similarly situated GoDaddy employees were made with the knowledge, approval and at the direction of GoDaddy's ownership and/or management.

70. On information and belief, the decision of Defendant GoDaddy to classify the Plaintiff and all others similarly situated as exempt from the payment of overtime wages was not taken after legal consultation or in response to a United States Department of Labor audit.

71. The illegal policies and practices described herein are part of a centralized policy, practice and scheme developed and orchestrated by GoDaddy and its ownership and management.

72. As an employer, GoDaddy is responsible for the illegal conduct and policies described herein related to its failure to comply with the provisions of the FLSA.

73. The actions of GoDaddy in deliberately failing to pay the Plaintiff and all others similarly situated the overtime wages rightfully due them was done for the purpose of enriching and benefitting GoDaddy and its owners. As a result, the Plaintiff and all others similarly situated have suffered economic damages.

74. As a collective action, all other similarly situated current and former GoDaddy employees may join this lawsuit by filing an executed consent to join form with the Court.

75. As appropriate, the Plaintiff reserves the right to amend and supplement the definition of the class of similarly situated employees as information is disclosed and uncovered through future discovery.

76. Subsequent to the filing of a lawsuit involving other Web Builders, GoDaddy changed the title of the Web Builder position to Designer I and made the position hourly, eligible for overtime in September 2015.

77. On information and belief, the duties performed by a Designer 1 are functionally identical to those previously performed by Web Builders.

78. On information and belief, the decision of GoDaddy to assign the duties previously performed by the position of Web Builder to hourly employees entitled Designer I is an acknowledgment that its previous failure to pay overtime wages to Web Builders was a violation of the law.

# COUNT 1
### (Violation of the FLSA, 29 U.S.C. § 201 et seq.)

79. All previous paragraphs of this Complaint are realleged as if set forth more fully herein.

80. The Plaintiff and all others similarly situated formerly working as Web Builders were covered employees subject to the overtime wage provisions of the FLSA as outlined in 29 U.S.C. § 207.

81. The Plaintiff and all others similarly situated working as Web Builders did not rightfully qualify for any of the exemptions to the payment of overtime wages contained in the FLSA.

82. During some or all of the relevant period of July 2013 through September 2015, the Plaintiff and all others similarly situated routinely worked in excess of forty hours during their workweek without receiving overtime compensation in violation of the FLSA.

83. The Plaintiff and all others similarly situated were legally entitled to receive overtime compensation at a rate of one and one-half (1 ½) times their regular hourly wage for any hours worked in excess of forty hours in a workweek.

84. As a result of the illegal and improper policy of GoDaddy regarding the payment of overtime wages, the Plaintiff and all others similarly situated have suffered economic damages in an amount to be proved at trial.

85. The policy of GoDaddy to not pay overtime wages to the Plaintiff and all others similarly situated was willful, entitling the Plaintiff and all others similarly situated to extend the recovery period for damages from two years to three years as provided for by the FLSA and 29 U.S.C. § 255(a) covering the period of time starting three years prior to the date each individual joined this action through September 2015.

86. As provided for by the FLSA, GoDaddy is liable to the Plaintiff and all other similarly situated collective action members for liquidated damages in an amount equal to their economic damages

87. As provided for by the FLSA, GoDaddy is liable to the Plaintiff and all similarly situated collective action members for their reasonable attorneys' fees and costs.

88. As a result of violating the FLSA, GoDaddy is also liable to the Plaintiff and all similarly situated collective action members for all other relief and damages as provided for by law.

**WHEREFORE,** the Plaintiff individually and on behalf of all other similarly situated GoDaddy employees request that this Court enter judgment in his favor and against the Defendant as follows:

A. Declare and certify that this action can proceed as a collective action by the Plaintiff on behalf of all other similarly situated current and former GoDaddy employees working as Web Builders at any time from three years prior to the filing date of this lawsuit through September 2015;

B. Issue an Order that notice of this collective action shall be sent to those similarly situated current and former GoDaddy employees working as Web Builders at any time during the period starting three years prior to the filing of this lawsuit through September 2015 informing them of the opportunity to join this collective action through the filing of consent to join forms with the Court;

C. Declare that the Plaintiff and all others similarly situated who join this collective action are legally entitled to collect overtime wages and that the policy of GoDaddy to not pay overtime wages to the Plaintiff and all others similarly situated during the relevant time period was illegal and a violation of the FLSA;

D. Declare that the actions of GoDaddy in failing to pay overtime wages to the Plaintiff and all others similarly situated was willful and that therefore a three year statute of limitations should apply to the Plaintiff and all others similarly situated for the purpose of collecting the overtime wages properly due them;

E. Enter a judgment against GoDaddy in an amount to be proved at trial as compensation to the Plaintiff and those similarly situated employees who join this

collective action seeking the overtime wages GoDaddy withheld in violation of the FLSA;

F. Declare that the Plaintiff and those similarly situated employees who join this collective action are entitled to all relief and remedies available to them under the FLSA including all lost compensation and benefits, liquidated damages and attorneys' fees and costs;

G. Award the Plaintiff and those similarly situated employees who join this collective action interest at the highest legal rate allowable on all sums awarded in judgment from the date of judgment until paid;

H. Award the Plaintiff and those similarly situated employees who join this collective action prejudgment interest on all liquidated sums awarded at the highest legal rate allowable;

I. That this Court retain jurisdiction over this action to ensure full compliance with the Court's orders and require GoDaddy to file such reports as the Court deems necessary to evaluate such compliance; and

J. For such other and further relief as this Court deems just and proper.

**DATED** this 19th day of July, 2016.

**JACKSON WHITE**

s/ Michael R. Pruitt
By: Michael R. Pruitt, No. 011792
Nathaniel Hill, No. 028151
40 North Center Street, Suite 200
Mesa, Arizona 85201
Attorneys for Plaintiff